# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **GUSTAVO ROMAN,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-21-CV-94-FM |
| | § | |
| **EL PASO COUNTY JAIL ANNEX,** | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Gustavo Roman, county prisoner number 9508060, challenges El Paso County Sheriff Richard Wiles' custody of him through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1. His petition is denied.

## BACKGROUND

Roman claims he is a prisoner at the El Paso County Jail Annex because the State filed motions in the 384th Competency Court to revoke his community supervision. Id. at 1, 2, 5, 7. He explains the motions to revoke concern cause numbers 20120D01189, involving a guilty-plea conviction for possession of marijuana, and 20170D01326, involving a guilty-plea conviction for an aggravated assault against a public servant. Id. at 1, 7. He maintains the state trial court has never adjudicated the motions and he has remained in jail since his arrest on June 17, 2020. Id. at 7. He asks the Court to intervene in his behalf and dismiss his cases, expunge his record, and compensate him for false imprisonment. Id. at 13.

The Court screened Roman's petition. See 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."). It observed

a federal court may entertain an application for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." Order 2, ECF No. 3 (citing 28 U.S.C. § 2254(a). It noted Roman failed to clearly identify how the State had violated his constitutional rights. Id. It therefore ordered Roman to complete a form petition and identify "his grounds for relief." Id. at 4.

In response to the order, Roman claimed he was arrested for a "violation" due to an unspecified "misunderstanding." Letter 1, ECF No. 6. But he argued the Court should order his release because he has been (1) provided inadequate medical care, (2) the victim of sexual harassment, (3) falsely accused of masturbation, and (4) subjected to racial discrimination. Id. at 1–2.

## APPLICABLE LAW

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a [civil rights] complaint." Muhammad v. Close, 540 U.S. 749, 750 (2004). Habeas is reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement. Id. (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). "Which statutory vehicle to use depends on the nature of the claim and the type of relief requested." Poree v. Collins, 866 F.3d 235, 243 (5th Cir. 2017). The "core issue" is "whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994).

The distinction between a habeas corpus petition and a civil rights complaint sometimes

2

becomes blurred when an inmate attacks unconstitutional conditions of confinement that may affect the timing of his release from prison. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). The Fifth Circuit has consequently adopted a bright-line rule: claims which would result in the inmate's immediate or accelerated release from prison must be pursued in a petition for writ of habeas corpus, while claims which would not automatically entitle the inmate to an immediate or earlier release from prison must be pursued as a civil rights complaint. Id. at 821; Cook, 37 F.3d at 168.

## ANALYSIS

Roman claims he is in the El Paso County Jail Annex because the State filed motions in to revoke his community supervision in two cases. Pet'r's Pet. 1. 2. 5, 7. He explains the State initiated this action after an unspecified "misunderstanding." Letter 1. Notably, he does not allege he is in custody in violation of the Constitution or laws or treaties of the United States. Instead, he argues the Court should order his release because, while in jail, he has been (1) provided inadequate medical care, (2) the victim of sexual harassment, (3) falsely accused of masturbation, and (4) subjected to racial discrimination. Id. 1–2.

"[H]abeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir. 1976). It "is not available to prisoners complaining only of mistreatment during their legal incarceration." Granville v. Hunt, 411 F.2d 9, 12 (5th Cir. 1969). Indeed, the "sole function" of a habeas petition is relief from unconstitutional custody." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979) (per curiam).

The Court finds that Roman's core issues concern the conditions of his confinement. A favorable determination on his claims will not automatically entitle him to an accelerated release

from confinement.   Thus, it appears from the face of Roman's petition he is not entitled to habeas relief.   However, the Court also finds that it should deny Roman's petition without prejudice to him pursuing his claims in a civil rights action.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a judgment denying habeas corpus relief unless a judge first issues a certificate of appealability.   See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).   To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a federal constitutional right.   Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).   He must also demonstrate that his issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.   Id.; Avila v. Quarterman, 560 F.3d 299, 304 (5th Cir. 2009).

Roman has not shown that any of the habeas issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect.   He cannot make a sufficient showing to merit the issuance of a certificate of appealability.

## CONCLUSION AND ORDERS

The Court concludes it appears from the face of Roman's petition and subsequent response to the Court's order that he is not entitled to habeas relief.   It further concludes that he is not entitled to a certificate of appealability.   It therefore enters the following orders:

**IT IS ORDERED** that Roman's "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is **DENIED** and his civil cause is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Roman is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this **17th** day of **June 2021**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**